UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22435-Civ-COOKE/TORRES

SHANE BURNETT,

    Plaintiff,

vs.

BURLINGTON STORES, INC.,

    Defendant.
_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon Defendant Burlington Stores, Inc.'s Motion to Dismiss Plaintiff's Statement of Claim and Incorporated Memorandum of Law (ECF No. 9). Plaintiff filed his Objection to Defendant(s) [sic] Motion Dismiss (ECF No. 11) on July 31, 2015 as well as his Objection to Defendant(s) [sic] Motion of Removal (ECF No. 13) on August 3, 2015. After reviewing Defendant's Motion to Dismiss, Plaintiff's responses, the record, and relevant legal authorities, Defendant's Motion to Dismiss is granted.

## I. DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must file a complaint containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citations and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Plaintiff Shane Burnett ("Plaintiff" or "Mr. Burnett") initiated this action against Defendant Burlington Stores, Inc. ("Defendant" or "Burlington Stores") in the County

Court in and for Miami-Dade County, Florida on May 28, 2015. Plaintiff's alleges the following in his Statement of Claim:[1]

> This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and Immunities secured to the plaintiff by the Constitution of the United States, Title II of the Civil Rights Act of 1964, 42 U.S.C. 2000a; and 2000a(b), and by Title 42 U.S.C. § 1983 [and § 1985][.]

In addition to the above, Plaintiff demanded judgment in the sum of $5000.00.

In response, Defendant removed this case to federal court and filed a motion to dismiss on the grounds that Plaintiff's Complaint fails to satisfy general pleading requirements and fails to state a cause of action. More specifically, Defendant lists the elements necessary to state a claim under the multiple statutory provisions cited by Plaintiff in his Statement of Claim and points out that Plaintiff has completely failed to satisfy federal pleading requirements as to those counts. In response, Plaintiff argues that his Statement of Claim must have provided Defendant with sufficient information otherwise Defendant would have never been able to remove Plaintiff's action to federal court. Plaintiff also focuses on Defendant's non-appearance at a pretrial conference scheduled when this matter was still in state court.

Having reviewed the arguments of both parties, I agree with the Defendant. Plaintiff fails to provide any factual support for his claims. Plaintiff's entire Complaint consists of a single sentence. A close reading of Plaintiff's Complaint fails to provide the Defendant with any information regarding the constitutional violations or deprivation of rights upon which Plaintiff appears to be basing his claims. Therefore, on its face, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff cites generally to a number of civil statutes, but does not provide the type of factual support required under Federal Rule of Civil Procedure 8(a)(2). Defendant has no notice of when any alleged deprivation of rights

---

[1] I will consider Plaintiff's Statement of Claim to be his Complaint in this matter because it is what he filed in state court before the matter was removed to federal court. *See* Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecesary unless the court orders it.").

occurred, where any alleged deprivation of rights occurred, or how any alleged deprivation of rights occurred.

Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief. Plaintiff's Complaint fails to include factual allegations sufficient to raise a right to relief above the speculative level and, therefore, fails to state a claim upon which relief can be granted. Additionally, Plaintiff's Complaint completely fails to put Defendants on notice of any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Accordingly, Plaintiff's Complaint is dismissed without prejudice. *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Defendant Burlington Stores, Inc.'s Motion to Dismiss Plaintiff's Statement of Claim and Incorporated Memorandum of Law (ECF No. 9) is **GRANTED**. Plaintiff's Complaint (ECF No. 1; ECF No. 5) is **DISMISSED** *without prejudice*. Plaintiff shall have twenty-one (21) days from the date of this Order within which to amend his Complaint to conform to federal pleading requirements. In the interim, the Clerk shall *administratively* **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of August 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

*Shane Burnett,* pro se
*8345 NW 66th Street*
*A7509*
*Miami, FL 33166*
*Obezzy1@gmail.com*